No. 76,403

In the Matter of DANIEL H. PHILLIPS, *Respondent.*

(925 P.2d 435)

Opinion filed October 25, 1996.

*Stanton A. Hazlett*, chief deputy disciplinary administrator, argued the cause, and *Mark F. Anderson*, disciplinary administrator, was with him on the formal complaint for petitioner.

*G. Craig Robinson*, of Wichita, argued the cause for respondent, and *Daniel H. Phillips*, respondent, appeared pro se.

*Per Curiam*: This is an uncontested attorney discipline proceeding involving Daniel H. Phillips, of Wichita, an attorney admitted to the practice of law in the State of Kansas. Three complaints filed by the office of the Disciplinary Administrator against respondent have been consolidated for purposes of this original proceeding in discipline.

The complaints filed against respondent alleged that he violated MRPC 1.3 (1995 Kan. Ct. R. Annot. 257) (diligence), 1.4 (1995 Kan. Ct. R. Annot. 263) (communication), 1.5(b) (1995 Kan. Ct. R. Annot. 268) (fees), 1.15(a) and (b) (1995 Kan. Ct. R. Annot. 294) (safekeeping property), 1.16(a) (1995 Kan. Ct. R. Annot. 300) (declining or terminating representation), 3.3(a)(1) (1995 Kan. Ct. R. Annot. 311) (candor toward the tribunal), 4.1 (1995 Kan. Ct. R. Annot. 323) (truthfulness in statements to others), 8.4(a), (b), (d), and (g) (1995 Kan. Ct. R. Annot. 340) (misconduct). The complaints were heard before a panel of the Kansas Board for Discipline of Attorneys on November 30, 1995. Based upon clear and convincing evidence, a unanimous panel made the following findings of facts and conclusions of law:

## CASE NO. B6011

Respondent was retained by Jody Kistner to defend her in a civil action in which it was alleged that Kistner owed plaintiff $13,500. Kistner paid respondent $700 to represent her. There was no

agreement between Kistner and respondent as to how respondent's fees were to be determined. Respondent never furnished Kistner a billing, an itemized statement, or a reconciliation.

Respondent failed to appear at a pretrial conference on June 3, 1993. However, respondent did confer with plaintiff's counsel about an agreed pretrial order that was to be filed.

Neither respondent nor Kistner appeared at the trial. Respondent did not contact the court or opposing counsel to explain that he was not going to appear at trial. Judgment was granted against Kistner at the trial in the amount of $13,500.

Model Rules of Professional Conduct (MRPC) 1.5(b) requires that a lawyer who has not regularly represented a client communicate the basis or rate of the fee before or within a reasonable time after commencing representation. The panel found by clear and convincing evidence that respondent violated MRPC 1.5(b) by not communicating to the client the basis or rate of his fee.

MRPC 1.3 requires that a lawyer act with reasonable diligence and promptness in representing a client. The panel found by clear and convincing evidence that respondent failed to appear at a pretrial conference and at trial on behalf of the client and, therefore, failed to act with reasonable diligence.

MRPC 8.4(d) states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. The panel found by clear and convincing evidence that respondent's failure to inform opposing counsel or the judge of his intent not appear for the client's trial was prejudicial to the administration of justice.

## CASE NO. B6053

Kenneth Larson retained respondent to represent him in a post-divorce proceeding. Larson's ex-wife had requested an increase in child support through an attorney for the Kansas Department of Social and Rehabilitation Services (SRS). Larson paid respondent a retainer of $250 on December 23, 1993. Respondent negotiated an increase in child support with SRS.

Respondent signed the order increasing Larson's child support without discussing the increased amount of child support with Lar-

son. The increase of the child support was consistent with the Kansas Child Support Guidelines. Respondent failed to notify Larson that an order had been entered increasing the child support and that a wage assignment had been established.

After receiving a paycheck, Larson discovered that his wages had been garnished. Larson immediately attempted to contact respondent. Larson left numerous messages with respondent's secretary. Respondent never returned Larson's phone calls.

MRPC 1.4 requires that a lawyer keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. The panel found by clear and convincing evidence that respondent failed to keep his client reasonably informed regarding the increase in child support and failed to comply with the client's request for information.

## CASE NO. B0694

On May 13, 1994, respondent entered an inpatient drug treatment program at the Valley Hope Rehabilitation Hospital in Augusta, Kansas, as the result of clinical depression as well as extensive use of and an addiction to crack cocaine.

While respondent was in treatment at Valley Hope, Mary Jane Moore requested he represent her son, David Moore, who had been charged with criminal possession of cocaine, possession of a firearm by a convicted felon, and failure to have a stamp tax upon a controlled substance. Moore had made his first appearance in the criminal case in Sedgwick County on May 13, 1994, and was to appear next on May 27, 1994.

Respondent informed Ms. Moore that he was in the hospital receiving medical treatment and requested a retainer of $3,000 to be made payable to Jon Phillips, respondent's adult son. Respondent made arrangements for Jon Phillips to pick up the check from Ms. Moore. Respondent was granted leave from Valley Hope Medical facility for a conference with his client, David Moore.

Ms. Moore believed that respondent would represent her son at his next appearance on May 27, 1994. Respondent failed to appear. Judge Clark informed David Moore that the respondent would not

be allowed to represent him because respondent was receiving inpatient treatment at Valley Hope.

After the hearing, Ms. Moore contacted respondent. Respondent informed Ms. Moore he would file the necessary paperwork to assure that he could represent David Moore. Ms. Moore later called the court and again was informed that respondent could not represent her son.

Ms. Moore then contacted other attorneys to represent her son. Ron Lyon agreed to take the case. Lyon's representation was subject to respondent turning over the $3,000 retainer fee to Lyon. Pursuant to Ms. Moore's agreement with Lyon, she would be responsible for payment of a retainer fee to Lyon if respondent failed to pay the $3,000.

Respondent was released from the hospital on June 13, 1994, and shortly thereafter assured Ms. Moore that she would be refunded the $3,000 within 30 days. Respondent failed to pay the money within 30 days. Subsequently, Ms. Moore attempted to contact respondent on numerous occasions without success. When she was able to contact respondent, respondent promised her that the retainer fee would be refunded. The money was finally paid in late December 1994.

Respondent admitted to the panel that he had Ms. Moore make the check payable to his adult son because respondent was in the inpatient treatment program and it would have taken approximately 2 weeks for him to endorse the check. Respondent's older son was taking care of the household and caring for respondent's 10-year-old child while both respondent and his wife were in inpatient drug treatment. The retainer was used to care for respondent's 10-year-old son, to pay past due mortgage payments, and to pay Valley Hope for respondent's wife's treatment. Respondent did not direct his son to place any of the money in respondent's trust account.

MRPC 1.4 requires that a lawyer keep a client reasonably informed about the status of a matter and promptly reply with a reasonable request for information. The panel found by clear and convincing evidence that respondent failed to communicate with

Ms. Moore as to the refund of the $3,000 retainer fee and her requests for information.

MRPC 1.15(a) requires that a lawyer hold property of a client in an account separate from the lawyer's own property and that complete records of such funds must be kept. MRPC 1.15(b) requires that a lawyer promptly deliver to the client, or third person, any funds or other property that the client or third person is entitled to receive and, upon request by the client or the third person, render a full accounting of such property. The hearing panel found by clear and convincing evidence that respondent violated MRPC 1.15(a) and (b) by commingling the retainer with his personal funds and by failing to pay the money to Mr. Lyon in a timely fashion.

MRPC 1.16(a) states that a lawyer shall not represent a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client. The panel found by clear and convincing evidence that respondent failed to decline representation in the Moore case due to his physical and mental impairment at the time he was retained.

The hearing panel next noted in the same complaint that respondent was scheduled to appear at a hearing in another case in Judge Solomon's court in Kingman, Kansas, at 9:30 a.m. on November 4, 1994. Respondent failed to appear. Opposing counsel informed the judge that he had been contacted by respondent and told that respondent was having a medical emergency related to a kidney stone. Judge Solomon attempted to contact respondent and left a message that respondent should call the court by 11 a.m. to verify the location where treatment was being received.

Later that day, respondent telephoned Judge Solomon's administrative assistant and informed her that he had passed a kidney stone and was in the emergency room being treated. Later the same day respondent telephoned Judge Solomon and made an appointment for November 7, 1994, to discuss what had occurred. At the meeting, respondent admitted to Judge Solomon that he had lied to opposing counsel and the judge's administrative assistant. Respondent admitted that the reason for his failure to appear in court on November 4, 1994, was that he had experienced a relapse of his crack cocaine addiction.

Respondent enrolled in the Valley Hope Relapse Program 2 days after his meeting with Judge Solomon. Mr. Gard, respondent's drug abuse counselor, testified that respondent is capable of practicing law, so long as he remains free from substance abuse.

MRPC 3.3(a)(1) states that a lawyer shall not knowingly make a false statement of material fact to a tribunal. The panel found by clear and convincing evidence that respondent violated MRPC 3.3(a)(1) by making a false statement to Judge Solomon regarding his whereabouts on the morning of a contested hearing.

MRPC 4.1(a) states that in the course of representing a client a lawyer shall not knowingly make a false statement of material fact to a third person. The panel found by clear and convincing evidence that respondent violated MRPC 4.1(a) when he lied to his opposing counsel about his whereabouts the morning of the hearing on November 4, 1994.

MRPC 8.4(b), (d), and (g) make it professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's fitness as a lawyer, to engage in conduct that is prejudicial to the administration of justice, and to engage in any other conduct that adversely reflects on the lawyer's fitness to practice law. The panel found by clear and convincing evidence that respondent extensively used crack cocaine during the spring of 1994.

## FACTORS IN MITIGATION OR AGGRAVATION

In aggravation, the panel found that even though the respondent had substantial experience in the practice of law, respondent exhibited a pattern of misconduct and committed multiple offenses and violations of the Rules of Professional Conduct.

In mitigation, the panel noted that the respondent had no prior disciplinary complaints and had cooperated with the investigation, and that his conduct was in part caused by his mental disability and drug dependency. The panel observed that respondent's good character was substantiated by numerous letters from clients, friends, and other attorneys. The panel noted finally respondent's efforts in regard to drug rehabilitation.

The panel determined that respondent should be indefinitely suspended from the practice of law. The panel recommended that

the suspension be lifted so long as respondent continuously meets the following conditions:

a. Respondent must be free from drug use for 3 years, to be confirmed by a monthly urinalysis on an unannounced basis. Respondent will pay for the urinalysis, and the reports will be sent to the Disciplinary Administrator's office.

b. Respondent will attend two meetings a week. These meetings shall either be Narcotics Anonymous (NA), Alcoholics Anonymous (AA), or meetings with an after-care counselor. Documentation of attendance at the meetings shall be provided by the leaders of the NA or AA group or the after-care counselor on a quarterly basis to the Disciplinary Administrator's office.

c. Respondent's law practice is to be supervised in accordance with a plan set forth in Mr. Antonio L. Ortega's letter attached to the report. The supervision shall be by Mr. Ortega and Mr. Robert T. Cornwell as modified by the Disciplinary Administrator's office. There shall be quarterly reports provided to the Disciplinary Administrator's office on the first business day of April, July, September, and January from Mr. Cornwell and Mr. Ortega.

d. Respondent shall provide the necessary waivers of confidentiality for information that is to be transmitted to the Disciplinary Administrator's office.

e. Any indication of non-cooperation as to meeting attendance, practice supervision, drug screen requirements, or any evidence of substance abuse should result in automatic indefinite suspension of respondent's law license.

f. Respondent must pay restitution in the amount of $700 to Ms. Kistner and $250 to Mr. Larson prior to lifting the suspension.

g. At the end of 3 years, respondent shall be reevaluated and a recommendation shall be made with respect to these conditions and this sanction.

Respondent did not take exception to the final reports, findings, conclusions, and recommendation of the panel.

We have reviewed the record and conclude that except for the panel's finding that the respondent violated MRPC 1.5(a) (commingling a retainer fee and personal funds), its factual findings and conclusions of law are supported by clear and convincing evidence. Respondent has many problems which must be addressed. Respondent is doing so at the present time and appears to be responding to treatment and supervision. As a result:

IT IS THE ORDER OF THE COURT that upon payment of restitution in the amount of $700 to Ms. Kistner and $250 to Mr. Larson, the imposition of discipline against Daniel H. Phillips shall be and hereby is suspended and respondent shall be placed on supervised probation for a period of 3 years from the date of this opinion.

IT IS FURTHER ORDERED that during the probationary period, respondent's practice of law shall be supervised by Antonio L. Ortega and Robert T. Cornwell. Respondent is to allow the supervising attorneys access to his office, his files, his employees, and his trust account, as well as to his treating doctors or health care providers. The supervising attorneys shall periodically, but at least one time per month, check the following:

A. status of each case being handled by respondent;
B. efficiency and state of respondent's docketing system;
C. management of discovery;
D. responses to clients' requests for information;
E. respondent's trust account; and
F. views of the local judges as to their evaluation of respondent's performance and particularly his meeting of deadlines.

On a quarterly basis, the supervising attorneys will report to the Disciplinary Administrator as to respondent's progress and/or problems observed. Any material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

IT IS FURTHER ORDERED that during the probationary period, respondent shall continue treatment for his substance abuse problems. He shall continue to regularly attend NA or AA meetings.

Respondent shall report on a quarterly basis to the Disciplinary Administrator, providing verification of the above treatment, care, and attendance at the AA or NA meetings, and he shall submit copies of medical reports as directed by the Disciplinary Administrator. The Disciplinary Administrator is authorized to require additional reports at any time.

IT IS FURTHER ORDERED that respondent shall abstain from the use of illegal drugs. The Disciplinary Administrator is authorized to require respondent to submit to random testing for drug use at respondent's expense.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever disciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.