No. 85,766

In the Matter of CEDRIC L. LOCKETT, *Respondent.*
(17 P.3d 917)

Opinion filed January 26, 2001.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Cedric L. Lockett, of Overland Park, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent alleges violations of KRPC 1.1 (2000 Kan. Ct. R. Annot. 300) (competence), 1.3 (2000 Kan. Ct. R. Annot. 310) (diligence and promptness), 1.4 (2000 Kan. Ct. R. Annot. 320) (communication), 3.2 (2000 Kan. Ct. R. Annot. 382) (expediting litigation), 3.4(d) (2000 Kan. Ct. R. Annot. 389) (discovery), 1.5 (2000 Kan. Ct. R. Annot. 330) (fees), 1.15 (2000 Kan. Ct. R. Annot. 360) (safekeeping property), 8.4(d) (2000 Kan. Ct. R. Annot. 420) (misconduct), 8.4(g) (2000 Kan. Ct. R. Annot. 420) (fitness to practice), and Supreme Court Rule 207 (2000 Kan. Ct. R. Annot. 237) (failure to cooperate). Respondent filed an answer admitting the allegations in the complaint.

The complaint filed against respondent grew out of his representation of Khadejah McIntosh-Taylor in 1998 and 1999. McIntosh-Taylor complained of respondent's lack of diligence and communication, failure to expedite her employment discrimination case, and failure to represent her. The investigation of McIntosh-Taylor's complaint ultimately resulted in the filing of the formal complaint. Respondent failed to respond to the inquiry by the investigating attorney.

A hearing before the panel of the Kansas Board of Discipline of Attorneys was held on July 18, 2000. Respondent appeared pro se

and testified at the panel hearing and stipulated to the facts and to the violations of KRPC as set forth in the complaint. The panel found, by clear and convincing evidence, the following:

"2. On June 2, 1998, Khadejah McIntosh-Taylor (the Complainant) hired the Respondent to pursue an employment discrimination case. At the time Ms. McIntosh-Taylor retained the Respondent, Ms. McIntosh-Taylor paid the Respondent $650.00 (a $500.00 retainer and $150.00 for a filing fee).

"3. The Respondent filed the cause of action in behalf of Ms. McIntosh-Taylor in the United States District Court for the Western District of Missouri. Thereafter, the case was scheduled for an "early assessment" with Kent Snapp serving as mediator. The Respondent appeared at the "early assessment" meeting, forty-five minutes late.

"4. During discovery, the defendant in the lawsuit served interrogatories and requests for production of documents. The Respondent failed to answer telephone calls of opposing counsel and was more than a month late in responding to the discovery requests.

"5. The defendant in the lawsuit scheduled Ms. McIntosh-Taylor's deposition for August 6, 1999. In preparation for the deposition, the Respondent met with his client on August 1, 1999.

"6. At that time, the Respondent told Ms. McIntosh-Taylor that he needed an additional $1,200.00 to continue his representation of her. Ms. McIntosh-Taylor requested that the Respondent provide a summary of his work on the case. Although the Respondent agreed to do so, he did not comply with his client's request.

"7. The Respondent failed to appear at the deposition of his client. As a result, the deposition was continued to August 23, 1999.

"8. After the Respondent failed to appear at the scheduled deposition, counsel for the defendant tried to contact the Respondent by telephone. Because, after repeated attempts, the defendant's attorney was unable to contact the Respondent, the defendant's attorney filed a motion for an extension of pretrial deadlines and a motion for a status conference.

"9. Following their August 1, 1999, meeting, Ms. McIntosh-Taylor attempted to contact the Respondent on numerous occasions. After Ms. McIntosh-Taylor's repeated attempts to contact the Respondent went unanswered by the Respondent, Ms. McIntosh- Taylor, on September 7, 1999, terminated the Respondent's services in writing. Ms. McIntosh-Taylor retained Sandra Midcalf and Ms. Midcalf continued the prosecution of the employment discrimination case.

"10. On September 29, 1999, the United States District Court of the Western District of Missouri denied the defendant's motion for a status conference, and stayed Ms. McIntosh-Taylor's employment discrimination case, [to] determine whether she had abandoned her cause of action. Additionally, the Court issued an Order to Show Cause why the case should not be dismissed for "want of

prosecution." Even though the order was served on the Respondent by certified mail, he failed to respond in any way.

"11. Because the Respondent had apparently abandoned Ms. McIntosh-Taylor, on September 7, 1999, Ms. McIntosh-Taylor filed a written complaint with the Office of the Disciplinary Administrator. Thereafter, the Office of the Disciplinary Administrator sent a letter to the Respondent, enclosing a copy of Ms. McIntosh-Taylor's complaint and requesting that the Respondent respond to the allegations contained in the complaint. The Respondent failed to reply to the letter form the Office of the Disciplinary Administrator.

"12. Lee Smithyman, an attorney on the local bar and grievance committee, was appointed to investigate Ms. McIntosh-Taylor's complaint. On October 4, 1999, October 20, 1999, October 29, 1999, and November 4, 1999, Mr. Smithyman sent letters to the Respondent regarding Ms. McIntosh-Taylor's complaint. Other than leaving one voice mail message, the Respondent failed to timely respond to the investigator's inquiries.

"13. Thereafter, on November 24, 1999, the Respondent called Mr. Smithyman regarding the complaint. At that time, the Respondent informed Mr. Smithyman that he had a problem with substance abuse, was homeless, and living in a hotel without a telephone.

"14. At the hearing on this matter, the Respondent testified in detail regarding his drug abuse. In June, 1999, the Respondent first used crack cocaine. In the Respondent's opinion, he was addicted to the substance after his initial use. In August, 1999, the Respondent attended an inpatient drug treatment program. After completing that program, the Respondent relapsed. Around the Thanksgiving holiday, the Respondent entered a "detox" program, followed by a second inpatient treatment program. Following his completion of that program, the Respondent again relapsed. In the spring of 2000, the Respondent entered a third drug treatment program. This treatment program also included a "half-way house" program. The Respondent completed the inpatient portion and the half-way house portion of the program. Currently, the Respondent is not practicing law, is residing with his mother, and is gainfully employed as a "webmaster." At the time of the hearing, the Respondent had been drug-free for nearly three months."

## The panel made the following conclusions of law:

"1. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The Respondent failed to act with reasonable diligence and promptness in representing Ms. McIntosh-Taylor by failing to attend the deposition and by failing to timely respond to the discovery requests. Accordingly, Hearing Panel concludes that the Respondent violated KRPC 1.3.

"2. KRPC 1.4(a) provides:

> A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

*Id.* Following the August 1, 1999, meeting, the Respondent failed to maintain any communication with Ms. McIntosh-Taylor. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"3. Lawyers are required to be fair to the opposing party and counsel. *See* KRPC 3.4(d). Specifically,

[a] lawyer shall not . . . in pretrial procedure, . . . fail to make [a] reasonably diligent effort to comply with a legally proper discovery request by an opposing party.

*Id.* In this case, the Respondent failed to appear at the properly scheduled deposition of his client and was more than one month late in responding to interrogatories and requests for production of documents. As such, the Hearing Panel concludes that the Respondent violated KRPC 3.4(d).

"4. By abandoning his client, by failing to appear at the scheduled deposition, by failing to comply with discovery requests, and by failing to respond to the District court's order to show cause, the Respondent '[e]ngage[d] in conduct that is prejudicial to the administration of justice. KRPC 8.4(d). The Hearing Panel concludes that the facts of the case disclose that the Respondent's conduct rises to the level of professional misconduct proscribed by KRPC 8.4(d).

"5. A lawyer's most basic professional obligation is to maintain personal integrity. Without those attributes, a lawyer is not fit to practice law. *See* KRPC 8.4(g). The Hearing Panel concludes that, because the Respondent repeatedly used an illegal substance, the Respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of KRPC 8.4(g).

"6. Kan. Sup. Ct. R. 207(b) provides as follows:

It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.

*Id.* In this case, the Respondent violated Kan. Sup. Ct. R. 207(b) by failing to provide a written response to the complaint as requested by the Office of Disciplinary Administrator and Mr. Smithyman. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b).

"7. In the Formal Complaint, the Office of the Disciplinary Administrator also alleged that the Respondent violated KRPC 1.1 (competence), KRPC 1.5 (fees), KRPC 1.15 (safekeeping of property), and KRPC 3.2 (expediting litigation). The Hearing Panel concludes that there is insufficient evidence to support findings that the Respondent violated KRPC 1.1, KRPC 1.5, KRPC 1.15, and KRPC 3.2. Accordingly, those allegations are dismissed."

The panel applied the ABA standards for imposing lawyer sanctions and considered ABA standard 4.4 in making its recommendation as to the discipline to be imposed against the respondent.

The panel found as an aggravating factor respondent's illegal conduct involving the use of crack cocaine. The panel found several mitigating circumstances, including no prior discipline, absence of dishonesty or selfish motive, effort to make timely restitution, cooperation during the hearing, inexperience in practice of law, and remorse.

The panel then concluded its recommendation as follows:

"The Internal Operating Rules of the Kansas Board for Discipline of Attorneys are found following Kan. Sup. Ct. R. 224. Section E.8 addresses the circumstances when probation should be recommended. It provides:

The recommendation that a responding lawyer be placed on probation is appropriate only in exceptional cases with persuasive mitigating factors. Probation should never be recommended unless a substantial and detailed plan of probation containing adequate safeguards to protect the public and to ensure respondent's full compliance with the disciplinary rules and the orders of the court has been timely initiated and presented to the hearing panel by the respondent. *In re Jantz*, 243 Kan. 770, 763 P.2d 626 (1988). Special findings as to the appropriateness of probation and the specific conditions of probation should be included in the Hearing Report.

*Id.* This is an exceptional case with persuasive mitigating factors. Accordingly, it is the opinion of the Hearing Panel that the Respondent is a good candidate for supervised probation. However, the Respondent did not present a substantial and detailed plan of probation as required by the rule stated above. The Hearing Panel is of the opinion that this is a case where an exception to the rule should be made.

"Accordingly, despite the Respondent's failure to present a specific plan of probation, the Hearing Panel unanimously recommends that the imposition of discipline against the Respondent be suspended and that the Respondent shall be placed on supervised probation for a period of 3 years, subject to the following terms and conditions:

"a. The Respondent shall abstain from the use of illegal drugs. The Disciplinary Administrator is authorized to require the Respondent to submit to random testing for drug use at the Respondent's expense.

"b. The Respondent shall not re-enter the practice of law until he has been drug-free for a period of one year.

"c. The Respondent shall enter into a monitoring contract with the Johnson County Impaired Lawyers Committee. The contract shall include a provision for an attorney to supervise the Respondent. The Respondent shall abide by all terms of the contract.

"d. In the event the Respondent returns to the practice of law, after being drug-free for a period of one year, the Respondent is to allow the supervising attorney access to his office, his files, his employees, his trust account, and his drug counselors. Regardless of whether the Respondent is engaged in the practice of law,

on a quarterly basis the supervising attorney shall report to the Disciplinary Administrator as to the Respondent's progress and/or problems observed. Any drug use or material deviation from proper practice shall be immediately reported to the Disciplinary Administrator.

"e. The Respondent shall continue to regularly attend CA or NA meetings. The Respondent shall report on a quarterly basis to the Disciplinary Administrator, providing verification of the CA or NA meetings."

Respondent filed no exceptions to the report of the hearing panel and failed to appear before this court at the time of scheduled oral argument. The Disciplinary Administrator's office recommends that the respondent be indefinitely suspended.

This is not a case of dishonesty or intentional harm to a client. It is a tragic example of human frailty and the consequences of addiction to crack cocaine. The panel makes a compelling case for probation, and we might have concurred had respondent appeared before this court and verified that he is participating in drug counseling and treatment and has continued to abstain from using illegal drugs. He failed to do either. Our ultimate goal here is to protect the public. See *In re Jones*, 252 Kan. 236, 239, 843 P.2d 709 (1992). We conclude that goal can only be achieved in this case by indefinitely suspending the respondent.

IT IS THEREFORE ORDERED that Cedric L. Lockett be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion.

IT IS FURTHER ORDERED that Cedric L. Lockett shall comply with Supreme Court Rule 218 (2000 Kan. Ct. R. Annot. 266), that he shall pay the costs of this action, and that this order be published in the official Kansas Reports.