No. 76,403

In the Matter of DANIEL H. PHILLIPS, *Respondent.*

(32 P.3d 704)

In *In re Phillips*, 260 Kan. 909, 925 P.2d 435 (1996), this court placed Daniel H. Phillips on supervised probation for 3 years with specified conditions. This court ordered that if respondent failed to abide by those conditions, a show cause order would issue and this court would take whatever action it deemed just and proper under the circumstances.

On the 13th day of August, 2001, this court issued an order to Daniel H. Phillips, an attorney admitted to the practice of law in Kansas, directing that he appear in person before this court on the 13th day of September, 2001, at 9 a.m. to show cause, if any he may have, why his supervised probation should not be revoked and appropriate discipline be imposed.

The show cause order was issued as a result of a motion filed by the office of the Disciplinary Administrator. The motion alleged failure on the part of respondent to abide by the conditions of his probation in that respondent tested positive for cocaine on three different occasions. The last time respondent tested positive for cocaine was after he had met with the Disciplinary Administrator and was advised that one more relapse would result in a recommendation that he be suspended from the practice of law.

On September 13, 2001, respondent appeared before this court in person and by counsel, G. Craig Robinson. He and his counsel responded to the show cause order by acknowledging respondent's addiction to cocaine and that the recent uses of cocaine were relapses occurring during the recovery process.

Although such relapses may be acceptable as part of the recovery process, they are not acceptable as part of respondent's probation. Each relapse is a violation of the law and cannot be sanctioned by this court. Respondent's conduct also puts his practice and clients at risk. In *In re Lockett*, 270 Kan. 640, 645, 17 P.3d 917 (2001), we said:

"This is not a case of dishonesty or intentional harm to a client. It is a tragic example of human frailty and the consequences of addiction to crack cocaine. The panel makes a compelling case for probation, and we might have concurred had respondent appeared before this court and verified that he is participating in drug counseling and treatment and has continued to abstain from using illegal drugs. He failed to do either. Our ultimate goal here is to protect the public. See *In re Jones*, 252 Kan. 236, 239, 843 P.2d 709 (1992). We conclude that goal can only be achieved in this case by indefinitely suspending the respondent."

After due consideration of the argument of the Disciplinary Administrator and responses of respondent to the order to show cause, this court finds that respondent has failed to abide by the conditions of his probation or show cause why this court should not revoke his supervised probation and impose appropriate discipline.

IT IS THEREFORE ORDERED that respondent's supervised probation be revoked and that Daniel H. Phillips be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective September 13, 2000.

IT IS FURTHER ORDERED that Daniel H. Phillips shall comply with Supreme Court Rule 218 (2000 Kan. Ct. R. Annot. 266), that he shall pay the costs of this action, and that this order be published in the official Kansas Reports.

DATED this 18th day of October, 2001.