No. 76,403

In the Matter of DANIEL H. PHILLIPS, *Petitioner.*

(121 P.3d 422)

On October 18, 2001, the petitioner, Daniel H. Phillips, was indefinitely suspended from the practice of law in Kansas, ordered to pay the costs of the disciplinary proceeding, and ordered to comply with Supreme Court Rule 218 (2004 Kan. Ct. R. Annot. 301). *In re Phillips*, 272 Kan. 200, 32 P.3d 704 (2001).

On July 12, 2004, Phillips filed a petition with this court for reinstatement to the practice of law in Kansas. The petition was referred to the Disciplinary Administrator for consideration by the Kansas Board for Discipline of Attorneys, pursuant to Supreme Court Rule 219 (2004 Kan. Ct. R. Annot. 312). On May 17, 2005, a hearing was held before a panel of the disciplinary board.

On August 18, 2005, the panel filed its report setting out the circumstances leading to Phillips' suspension, a summary of the evidence presented, and the panel's findings and recommendations. Phillips' addiction to crack cocaine, causing him to neglect his law practice, was the primary reason for this court's sanctioning him in 1996. He was placed upon supervised probation for 3 years, conditioned in part on his abstaining from using cocaine and submitting to monthly urinalysis. *In re Phillips*, 260 Kan. 909, 925 P.2d 435 (1996). His failure to abide by that condition resulted in the indefinite suspension order on October 18, 2001. The panel is convinced that Phillips has rehabilitated himself, noting that he has completed outpatient and inpatient drug treatment, regularly attended Narcotics Anonymous, maintained regular employment, and remained drug free since December 2001. The panel unanimously recommended that Phillips' petition for reinstatement to the practice of law in Kansas be granted. The panel further recommended that Phillips' reinstatement be subject to his continuing to submit to random drug testing for a period of 1 year following his reinstatement and that the court waive the requirement that

petitioner complete twice the regular annual CLE hours. Since the panel report recommends reinstatement, no response is required by petitioner, and pursuant to Supreme Court Rule 219(d), the matter is deemed submitted for consideration by this court.

The court, after carefully considering the record, accepts the findings and recommendation of the panel that petitioner be reinstated to the practice of law in Kansas.

IT IS THEREFORE ORDERED that Daniel H. Phillips be reinstated to the practice of law in the state of Kansas and that the requirement of Rule 807(b)(3) (2004 Kan. Ct. R. Annot. 617) is waived. The Clerk of the Appellate Courts is directed to enter petitioner's name upon the roster of attorneys engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that petitioner shall submit to random drug testing, as directed by the Disciplinary Administrator, for a period of 1 year from the date of this order. In the event petitioner tests positive for the presence of illegal drugs, a show cause order may issue to the petitioner, and the court may take whatever disciplinary action, including disbarment, it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to the petitioner.

DATED this 6th day of October, 2005.